**PATRICK, Exrx, Etc, et v BENDER**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10418.   Decided April 14, 1930

Simmons, Dewitt & Vilas, Cleveland, for Patrick, et.

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Bender.

VICKERY, PJ.

It was attempted to make it appear in this court that the judgment below in the first case, that is in favor of George H. Bender had been paid and, therefore, that it would be inequitable to make them pay

again. They say the face of the two bonds was for only Three Thousand Dollars which had been fully paid and, therefore, the bonds were no longer operative and this judgment ought not to be sustained.

Unfortunately for the plaintiffs in error this court can only pass upon the errors that the Court of Common Pleas committed, and if the money was not paid on the first judgment to Bender, there would be a good ground to maintain the cause of action in question, but inasmuch as they admit that the judgment was not paid at the time the judgment of the Common Pleas Court was rendered, we do not see how we can take into account things that happened subsequently. That would be unfair to the Common Pleas Court. It would be reversing for an error that it did not commit. This court can only assume jurisdiction and reverse for errors that appear in the record.

Now it would have been possible for the plaintiffs in error to have paid the judgment to George Bender and then, by a proper pleading set up, if it were true, that it was the same act for which judgment had been rendered and paid and thus the penalty of the bond exhausted in the payment of that judgment and ask to have this case dismissed. But that was not done and whether the theory of the defendant in error is right that they can recover the face of the bond more than once or not, is not now before this court. As already stated, we can reverse only for errors that the Court of Common Pleas committed. If the theory of the plaintiffs in error is correct, they may still have a remedy, and that is a remedy by an affirmative action by setting up the whole transaction in an action to restrain the collection of this judgment, and then all that is contended for can be set up in that cause of action. But I know of no way in which a Court of Review can permit subsequent things which might have affected the Common Pleas Court, to be taken into consideration for the purpose of reversing the Common Pleas Court. It is true that courts do not favor and should not favor useless litigation, but it is equally true that it does not do for a court to assume jurisdiction which it has not got and do things for which there is no warrant in law. It is that sort of action by the courts that makes bad law. It is said that hard cases make bad laws. Courts are not responsible for the situation that persons put themselves into. They are responsible, however, for the administration of the law in accordance with well established rules adopted for the procedure in court and, as already stated, a reviewing court, the Court of Appeals, can only reverse the trial court, the Court of Common Pleas, for errors appearing of record, committed while that court had the matter under advisement.

We do not see from the shape that this record is in that the court below committed any error and there being no error in the record, we have no option other than to affirm the judgment. It will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.